## BROWN v. BROWN.

*Dotal property is inalienable during marriage. Where a husband has sold paraphernal property of the wife's during marriage, and the action of the wife to recover it would give rise to a claim in warranty against him, prescription will be suspended during the marriage. C. C. 3491.*

APPEAL from the District Court of Rapides, *Cushman*, J. *Flint*, *McWaters* and *Ryan*, for the plaintiff. *Waters*, for the defendant and appellant. *Evans*, *Gordon*, *O. N. Ogden* and *Edelen*, for the parties cited in warranty, who also appealed. The judgment of the court was pronounced by

ROST, J. The plaintiff claims from the defendant one hundred arpents of land, given her by her father in a marriage contract, and subsequently sold by her husband. The defendant claims under a regular chain of conveyances ascending to the husband; pleads the prescriptions of ten, twenty, and thirty years; and has cited in warranty the legal representatives of *John Harris Johnston*, his vendor. These last have cited in warranty the legal representatives of *Josiah S. Johnston*, who have themselves cited *James Byers*.

There was judgment in favor of the plaintiff against the defendant for the land, and a consent decree was entered in favor of the defendant against the legal representatives of *John H. Johnston*, for the sum of $500. A judgment was entered for the like sum in favor of each of the warrantors, against his immediate vendor. The defendant and the warrantors have appealed.

There is no error in the judgment so far as the plaintiff is concerned. If the property was dotal, it could not be alienated during marriage. If, as we are inclined to believe, it was paraphernal, the husband sold it during marriage, and the action of the wife to recover it would have given rise to a claim in warranty against him. Whenever this is the case, prescription is suspended during marriage. C. C. 3491.

Under the compromise entered into between the defendant and the legal representatives of *John H. Johnston*, judgment was properly entered in his favor against them; but no judgment should have been rendered against the

subsequent warrantors. The defendant, *Brown*, had previously held the land, and all the parties cited in warranty claim under him. He could not maintain an action of warranty; and the fact that his last vendors saw fit to buy their peace cannot affect the right of the other parties to the suit.

It is therefore ordered that the judgment be amended, and that there be judgment in favor of the legal representatives of *Josiah S. Johnston* against the legal representatives of *John H. Johnston*, and also in favor of *James Byers* against the legal representatives of *Josiah S. Johnston*. It is further ordered that the judgment as amended be affirmed, with costs.